ants, though the one only who had been arrested on the *mesne* process, could be taken in execution, and that a plaintiff might indorse a direction on the *ca. sa.* to that effect. Though the general practice may be to issue a special execution in such cases, yet there was no necessity of inserting such special clause, as the directions of the act would be complied with, if such of the joint defendants as were taken and brought into court, on the *mesne* process, were alone taken in execution. The words, " shall not issue or execute," used in the act, when taken in connexion with what followed, must be understood to mean no more than that the execution should not be executed against such defendants as were not brought into court, but the execution might be general and against all, according to the judgment.

*The Court* refused to set aside the execution, but as it appeared from the affidavits, that *J. Hulbert* was illegally detained in custody, they ordered him to be discharged.

Rule refused, with costs.

ALBANY,
Feb. 1806.

Schmidt
v.
United Insurance Company.

## Schmidt *against* the United Insurance Company.

THE *Court* determined, that when the argument of a case is opened, the counsel shall furnish the *opposite side* with the *points* relied upon by the party, in support of the motion.

Practice on opening arguments.

court, he or they so taken and brought into court, shall answer to the plaintiff, and in case judgment shall pass for the plaintiff, he shall have his judgment and execution against such of them as were brought into court, *and against the other joint debtors named* in the process, in the same manner as if they had all been taken and brought into court by virtue of such process ; but *it shall not be lawful to issue or execute any such execution against the body, or against any lands or goods the sole property of any person not brought into court.*